IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

SENTENCING MEMORANDUM

Case No. 15-CR-142-W

-V-

Hon. Elizabeth A. Wolford
United States District Judge

GLENN D. STACHARCZYCK,

        Defendant

        COMES DEFENDANT, through counsel, and as and for his Sentencing Memorandum, respectfully submits as follows:

        1.      We note at the outset that the overriding principle and basic mandate of 18 United States Code Section 3553 requires district courts to impose a sentence *"sufficient, but not greater than necessary,"* to comply with the four purposes of sentencing set forth in Section 3553(a)(2):

        a.      Retribution (to reflect the seriousness of the offense, to promote respect for the law, and to provide *"just punishment"*);

        b.      Deterrence;

        c.      Incapacitation (*"to protect the public from further crimes"*); and

        d.      Rehabilitation (*"to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"*) (emphasis added).

        2.      The sufficient-but-not-greater-than-necessary requirement is often referred to as the parsimony provision. This provision is not just another factor to be considered along with the other factors set forth in Section 3553(a)(2), rather it sets an independent limit on the sentence the court may impose. See *United States v. Denardi*, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part) (since Section 3553(a) requires

-2-

*sentence to be no greater than necessary to meet the four (4) purposes of sentencing, imposition of sentence greater than necessary to meet those purposes is reversible, even if within guideline range).*

3. In determining the sentence minimally sufficient to comply with the Section 3553(a)(2) objectives of sentence, the court must consider several factors listed in Section 3553(a). These factors are:

    a. The nature and circumstances of the offense and the history and characteristics of the defendant;

    b. The kinds of sentences available;

    c. The guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guideline range;

    d. The need to avoid unwarranted sentencing disparity;

    e. The need to provide restitution where applicable.

*18 USC Section 3553(a)(1), (a)(3), (a)(5)-(7).*

4. Neither the statute itself, nor the holding of the Supreme Court of the United States in *United States of America v. Booker, 125 S. Ct. 738 (2005)*, suggests that any one (1) of the factors be given greater weight than any other factor. *United States v Rattoballi, 452 F.3d 127 (2d Cir. 2006)*.

5. The court may note that all of the sentence factors are subordinate to the mandate of Section 3553(a), which requires a sentence *not greater than necessary* to comply with the four purposes of sentencing (emphasis supplied).

6. On 13 July 2018 the defendant pled guilty to Count 1 of the Second Superseding Indictment which charges a violation of 18 United States Code, Section 1962(d) (RICO conspiracy) (Class C felony).

7. The offense of conviction carries a maximum possible sentence of twenty (20) years imprisonment, a fine of up to $250,000.00, a mandatory $100.00 special assessment, and a term of supervised release of up to three (3) years.

-3-

8. The advisory United States Sentencing Guidelines (USSG) calculation set forth in the 5 November 2018 Pre-Sentence Investigation Report (hereinafter "PSR") results in a Criminal History Category of I.

9. In regard to the advisory USSG calculation for the controlling offense of conviction, the relevant total offense level for the instant violation of 18 USC Section 1962(d) that has been agreed to by the parties in the Plea Agreement, with a two (2) level downward adjustment for acceptance of responsibility, is level 23.

10. The advisory guideline range at offense level 23 in Criminal History Category I establishes a range of 46-57 months of incarceration in Zone D of the Sentencing Table.

11. The PSR calculates the relevant total offense level as level 25 in Criminal History Category I, which yields a range of 57-71 months of incarceration, also in Zone D of the Sentencing Table.

12. The Plea Agreement reflects the agreement of the parties that the government and the defendant have reserved the right to advocate a sentence outside of the applicable Guideline range at the sentence hearing.

13. The defendant is eligible for not less than one (1) year, nor more than five (5) years of probation under the statute (18 United States Code, Section 3561(c)(1)), because the offense of conviction is a Class C felony.

14. Under, the Guidelines, the defendant is not eligible for probation because the applicable guidelines range(s) fall within Zone D of the Sentencing Table.

15. The foregoing sets forth the sentencing parameters of the case.

16. The defense recognizes that the Guidelines are advisory, not mandatory, and that the applicable Guidelines range represents a starting point, and an initial benchmark.

-4-

## DISCUSSION

17. The PSR indicates that the defendant has demonstrated timely acceptance of responsibility for his actions in this federal felony case.

18. The defense invites the attention of the court to the fact that the father of the defendant, the late Anthony Stacharczyck, was a law enforcement officer who retired from the Amherst Police Department. The defendant's uncle was an Erie County Sheriff's Deputy before his retirement.

19. Glenn, who is a manager at Mavis Tire Supply, LLC in Tonawanda, provides the majority of the financial support for his fiancee, Kimberly Wendt, for his daughter Karen Montague (age 22), and for his step-daughter Ashley Dudek (age 29).

20. The defendant, who is trained as a mechanic, performs all of the maintenance on the family vehicles.

21. Kimberly Wendt is unable to work full-time, and is currently in the process of applying for Social Security Disability benefits.

22. The PSR details cocaine use by the defendant on a fairly regular basis between the ages of 41-48. Glenn is currently 52 years of age.

23. In light of the foregoing factors that are present in this federal felony case, a non-guideline sentence of probation with possible conditions of home confinement would not be offensive to the fundamental notions of federal criminal justice, the objectives of federal sentencing law, and the Guidelines.

24. If the court is inclined to impose a sentence of incarceration, the defense respectfully submits that a sentence at the low end of the applicable advisory Guideline range would be sufficient, but not greater than necessary, to comport with the objectives of sentencing set forth *supra*.

-5-

25. The defense respectfully submits that such a sentence would be in compliance with the four (4) objectives of sentencing noted at the onset, and would also be within the purview of the mandate of 18 USC Section 3553.

26. Based upon the financial information set forth in the PSR, it appears that the defendant has a minimal ability to pay a fine, restitution or the cost of incarceration.

27. In light of the current financial situation of the defendant, as set forth in the PSR, the defense respectfully requests that any fine imposed be nominal, and that the cost of incarceration fee be waived.

28. The defense would also move the court for a recommendation that Glenn be allowed to participate in the intensive 500-hour Residential Drug Abuse Program (RDAP) offered by the Bureau of Prisons (BOP).

29. There is a basis in the PSR detailing fairly recent substance abuse on the part of the defendant between the ages of 41-48, and the BOP RDAP features an important relapse prevention component that Glenn can benefit from.

DATED: December 3, 2018, 2018
at Buffalo, New York

M. Kirk Okay
*Counsel to Glenn D. Stacharczyck*

The Okay Law Firm
546 East Main Street
Post Office Box 622
Batavia, New York 14021-0622
Telephone (585) 343-1515
E-Mail: mokay570@gmail.com

TO: Hon. Elizabeth A. Wolford
Senior United States District Judge
United States District Court
Western District of New York
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

-6-

Joseph M. Tripi, Esquire
Brendon T. Cullinane, Esquire
Assistant United States Attorneys
Federal Centre
138 Delaware Avenue
Buffalo, New York 14202

Lisa B. Ferraro
United States Probation Officer
United States Probation
One Niagara Square
Buffalo, New York 14202

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

THE UNITED STATES OF AMERICA

                AFFIRMATION OF SERVICE

-V-

                Case No. 15-CR-142-W

GLENN D. STACHARCZYCK,

           Defendant

---

    MEHMET K. OKAY, an attorney duly admitted to the practice of law in the United States District Court for the Western District of New York, affirming under the penalties of perjury pursuant to 28 USC Section 1746, declares to be true and states as follows:

    I am over the age of eighteen years and not a party to this action. I reside in Batavia, New York. On the 4th day of DECEMBER 2018 I filed the annexed SENTENCING MEMORANDUM in the above-styled and numbered cause upon the following:

        JOSEPH M. TRIPI, ESQUIRE and
        BRENDON T. CULLINANE, ESQUIRE
        ASSISTANT UNITED STATES ATTORNEYS
        FEDERAL CENTER
        138 DELAWARE AVENUE
        BUFFALO, NEW YORK 14202

via the CM/ECF System.

DATED:  December 4, 2018
           at Buffalo, New York

                                      M. Kirk Okay
                                      *Counsel to Glenn D. Stacharczyck*

                                      The Okay Law Firm
                                      546 East Main Street
                                      Post Office Box 622
                                      Batavia, New York 14021-0622
                                      Telephone (585) 343-1515
                                      E-Mail: mokay570@gmail.com